IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Crim. No. 4:20-cr-318-ALM-KPJ-1 |
| | § | |
| KEITH TODD ASHLEY (1), | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Keith Todd Ashley's ("Defendant") Motion to Dismiss Count 17 for Improper Venue (the "Motion") (Dkt. 80). The Government filed a response in opposition. *See* Dkt. 88. Having considered the parties' briefing and the relevant law, the Court recommends the Motion (Dkt. 80) be **denied**.

### I.   BACKGROUND

Defendant is charged in Count 17 of the Second Superseding Indictment (the "Indictment") with Carrying a Firearm During a Crime of Violence or Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). *See* Dkt. 73 at 19. The Indictment alleges that on or about February 19, 2020, in the Eastern District of Texas, Defendant "knowingly carr[ied] a firearm, that is a 9 mm Stoeger Cougar 8000F" and that he "possessed the firearm in furtherance of and during and in relation to a crime of violence." *Id*. The underlying crime of violence identified in the Indictment is Interference with Interstate Commerce by Robbery under 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"). *Id*.

1

On June 13, 2022, Defendant filed the present Motion to dismiss Count 17 for improper venue. *See* Dkt. 80. On June 27, 2022, the Government filed a response in opposition to the Motion. *See* Dkt. 88.

## II. LEGAL STANDARD

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. CONST. amend. VI. Similarly, Federal Rule of Criminal Procedure 18 provides:

> Unless a statute or these rules permit otherwise the government must prosecute an offense in a district where the offense was committed. The Court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

FED. R. CRIM. P. 18. Notably, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). Venue "is properly based on a preponderance of the evidence showing the commission of any single act that was part of the beginning, continuation, or completion of the crime." *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002). The Government must prove venue by a preponderance of the evidence; circumstantial evidence alone is sufficient to establish venue. *Id.*

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would . . . sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *United States v. Taylor*, No. 4:17-cr-09, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017), *R. & R. adopted*, 2017 WL

2

4629246 (E.D. Tex. Oct. 16, 2017) (quoting *United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002)). "When considering a motion to dismiss the indictment, the Court considers all well-pleaded facts as true." *United States v. Bonds*, No. 4:09-cr-92, 2012 WL 1802448, at *1 (E.D. Tex. Apr. 2, 2012), *R. & R. adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012).

### III.    ANALYSIS

In the Motion, Defendant seeks to dismiss Count 17 of the Indictment on the ground that the alleged underlying crime of violence occurred in the Northern District of Texas. *See* Dkt. 80 at 2. Defendant argues the proper venue for Count 17—the related § 924(c)(1) offense—must therefore also be the Northern District of Texas. *Id*. at 2–3 (citing *United States v. Rodriguez-Moreno*, 526 U.S. 279, 282 (1999) ("Where venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense.")).

In response, the Government contends that venue is proper in the Eastern District of Texas because the underlying crime of violence—in this case, Hobbs Act Robbery under 18 U.S.C. § 1951(a)—is a continuing offense that spanned both the Eastern and Northern Districts of Texas. *See* Dkt. 88 at 5–9. The Court agrees. "The Supreme Court has defined 'continuing offense' to include 'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy.'" *United States v. Brazell*, 489 F.3d 666, 668 (5th Cir. 2007) (quoting *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939)). "Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each." *Midstate Horticultural Co.,* 306 U.S. at 166.

As the Government points out, although the Fifth Circuit has not yet addressed whether 18 U.S.C § 1951(a) is a continuing offense, other circuit courts, as well as district courts within this Circuit, have determined that it is. *See, e.g.*, *United States v. Thompson*, No. 07-cr-30022, 2008

3

WL 2127852, at *3 (W.D. La. May 19, 2008) (finding that Hobbs Act Extortion under 18 U.S.C § 1951(a) "is a continuous offense winch [sic] does not present a statute of limitations problem as long as there is evidence of a continuous course of conduct or extortionate scheme . . ."); *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999) (finding that Hobbs Act Extortion under 18 U.S.C § 1951(a) was a continuing offense, and venue was proper in the Southern District of New York because the defendant committed "acts compris[ing] an entire, ongoing and continuous offense straddling both the Southern and Eastern Districts"); *United States v. Jones*, 786 F. App'x 907, 911–12 (11th Cir. 2019) (holding that although Hobbs Act Robberies occurred in Georgia, venue was proper in the Middle District of Alabama for charged offenses of aiding and abetting the robberies and related § 924(c)(1) firearm offenses because "cell tower records showed that [the defendant] traveled from Alabama to Georgia on the night of each robbery" and the jury "could have determined reasonably that [defendant] armed himself with a gun while at his residence in Tuskegee, Alabama, traveled with his accomplice from Alabama to Georgia with the intent to commit a robbery, and then traveled back to Alabama after each robbery was committed"); *United States v. Carpenter*, 819 F.3d 880, 891 (6th Cir. 2016) (holding that although the defendant was charged with aiding and abetting a Hobbs Act robbery in Ohio, venue was proper in Michigan based on evidence that the defendant (while in Michigan) recruited accomplices, discussed with his accomplices the general scheme for the robbery, made arrangements to acquire a gun once they arrived in Ohio, and drove himself and his accomplices from Michigan to Ohio to carry out the robbery), *rev'd on other grounds*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018)).

      Here, the Indictment alleges Defendant knowingly possessed a firearm in the Eastern District of Texas in furtherance of a Hobbs Act Robbery. *See* Dkt. 73 at 19. The Government represents that it intends to present evidence at trial that "Defendant ran his criminal enterprise out

4

of" the Eastern District of Texas, and that Defendant took "preparatory acts" in the Eastern District "to facilitate his robbery . . ., including the bringing of the firearm from the Eastern District." *See* Dkt. 88 at 9; *see also id.* at 2–3 (summarizing cell phone records from the date of the offense and other evidence the Government believes shows Defendant "had brought the firearm with him as he travelled from his home and business in the Eastern District of Texas to the victim's home in the Northern District of Texas"). The foregoing allegations are sufficient, at the pretrial motion stage, to withstand a venue challenge.

In accordance with the foregoing, the Court finds the Government has sufficiently alleged venue in the Eastern District of Texas as to Count 17 of the Indictment. The Government will have to prove venue by a preponderance of the evidence at trial, and "whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal." *Bonds*, 2012 WL 1802448, at *1 (citing *Solis*, 299 F.3d at 444–45).

### IV.   CONCLUSION

For the foregoing reasons, the Court recommends the Motion (Dkt. 80) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*,

474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 5th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE