IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Crim. No. 4:20-cr-318-ALM-KPJ |
| | § |
| KEITH TODD ASHLEY | § |
| | § |
| Defendant. | § |
| | § |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Keith Todd Ashley's ("Defendant") Motion for Bill of Particulars for Count 17 (the "Motion") (Dkt. 81), wherein Defendant requests a bill of particulars only as to Count 17 of the Second Superseding Indictment (Dkt. 73). The Government filed a response in opposition to the Motion. *See* Dkt. 88. Upon consideration, the Motion (Dkt. 81) is hereby **DENIED**.

**I.   BACKGROUND**

Defendant is awaiting trial in state and federal court for allegedly operating a Ponzi scheme and murdering one of his investors. *See* Dkt. 65. Defendant is charged in a seventeen-count Second Superseding Indictment. *See* Dkt. 73. Count 17 charges Defendant with violating 18 U.S.C. § 924(c)(1) (Carrying a Firearm During a Crime of Violence or Possession of a Firearm in Furtherance of a Crime of Violence). *Id.* at 19. Count 17 of the Second Superseding Indictment states as follows:

> On or about February 19, 2020, in the Eastern District of Texas, [Defendant] did knowingly carry a firearm, that is a 9 mm Stoeger Cougar 8000F, and he possessed the firearm in furtherance of and during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is a violation of 18 U.S.C. §§ 1951(a), Interference with Interstate Commerce by Robbery.

*See id.*

In the Motion, Defendant requests the Court grant him a bill of particulars containing the following information:

(1) the description of the property allegedly taken;

(2) the person or persons the property was allegedly taken from;

(3) the precise location of the alleged robbery;

(4) the manner and means of the type of force used; and

(5) how interstate commerce was affected.

*See* Dkt. 81 at 1–2. Defendant argues such information "is necessary in this case to enable the defendant to prepare a defense adequately and to avoid surprise at trial . . . ." *Id.* at 2.

The Government opposes the Motion, arguing the Motion should be denied because the Second Superseding Indictment provides sufficient information for Defendant to prepare for trial and, alternatively, the Government provided Defendant with the above-enumerated information both during discovery and in briefing filed in this case. *See* Dkt. 88. Defendant did not file a reply to the Government's response in opposition.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits a defendant to request a bill of particulars, which provides details of the charges brought against the defendant so the defendant may prepare his defense and avoid surprises at trial. *See* FED. R. CRIM. P. 7(f); *United States v. Churchill*, No. 4:20-cr-252, 2021 WL 862306, at *1 (E.D. Tex. Mar. 8, 2021). "A defendant possesses no right to a bill of particulars" and should only be granted a bill of particulars if the information is necessary for the defendant to prepare for trial. *United States v. Rodriguez*, No. 4:18-cr-216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (quoting *United States v. Burgin*, 621 F.2d 1352, 1358

(5th Cir. 1980)), *R. & R. adopted*, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020). A bill of particulars is not to be used in lieu of discovery or to obtain a detailed disclosure of the government's evidence prior to trial. *United States v. Castro-Flores*, No. H-12-cr-614-4, 2013 WL 6858523, at *2 (S.D. Tex. Dec. 30, 2013). Hence, "where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary." *Id.* (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)).

Whether a bill of particulars should be granted lies within the discretion of the trial court. *Churchill*, 2021 WL 862306, at *1 (citing *Burgin*, 621 F.2d at 1358–59). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to the defendant's substantial rights. *Id.* (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)).

### III.   ANALYSIS

In this case, the Court finds Defendant does not require a bill of particulars to prepare his defense or avoid surprises at trial. As an initial matter, the Court finds the Second Superseding Indictment (Dkt. 73) contains sufficient information to put Defendant on notice of the criminal charges against him, including Count 17 of the Second Superseding Indictment. Even if the Second Superseding Indictment was not sufficiently detailed, however, the Court finds Defendant has been apprised of the requested information in other satisfactory forms. Specifically, the Government represents all such information was disclosed to Defendant during discovery. *See* Dkt. 88 at 12. The Government represents it provided Defendant with fulsome discovery, with documents "labeled; organized into folders based on the source of the documents; and produced in electronic form." *See id.* Defendant does not dispute the requested information is ascertainable from the discovery provided by the Government. Further, as noted by the Government, the factual basis

3

supporting Count 17 of the Second Superseding Indictment was articulated in the Government's appellate brief to the Fifth Circuit during Defendant's interlocutory appeal of the Court's Order that Defendant be detained pending trial. *See* Gov't Resp., *United States v. Ashley*, No. 21-40335 (5th Cir. filed May 17, 2021). Accordingly, because the Second Superseding Indictment is sufficiently detailed and, further, because the requested information has been provided to Defendant in other satisfactory forms, the Court finds a bill of particulars is not necessary for Defendant to prepare his defense and avoid surprises at trial.

### IV.   CONCLUSION

For the reasons stated herein, Defendant's Motion (Dkt. 81) is **DENIED.**

**So ORDERED and SIGNED this 6th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE