IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Crim. No. 4:20-cr-318-ALM-KPJ-1 |
| | § | |
| KEITH TODD ASHLEY (#1), | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Keith Todd Ashley's ("Defendant") Second Motion

for Bill of Particulars for Count 17 (the "Motion") (Dkt. 105), wherein Defendant requests a bill

of particulars as to Count 17 of the Second Superseding Indictment (Dkt. 73). The Government

filed a response in opposition to the Motion. *See* Dkt. 113. Upon consideration, the Motion (Dkt.

105) is hereby **DENIED.**

## I. BACKGROUND

Defendant is awaiting trial in state and federal court for allegedly operating a Ponzi scheme

and murdering one of his investors. *See* Dkt. 65. Defendant was previously charged in a seventeen-

count Second Superseding Indictment. *See* Dkt. 73. Count 17 charges Defendant with violating 18

U.S.C. § 924(c)(1) (Carrying a Firearm During a Crime of Violence or Possession of a Firearm in

Furtherance of a Crime of Violence). *Id.* at 19. Count 17 of the Second Superseding Indictment

states as follows:

> On or about February 19, 2020, in the Eastern District of Texas, [Defendant] did
> knowingly carry a firearm, that is a 9 mm Stoeger Cougar 8000F, and he possessed
> the firearm in furtherance of and during and in relation to a crime of violence for
> which he may be prosecuted in a court of the United States, that is a violation of 18

1

U.S.C. §§ 1951(a), Interference with Interstate Commerce by Robbery. In violation
of 18 U.S.C. § 924(c)(1).

*See id.*

Defendant previously made a request for bill of particulars as to Count 17 of the Second

Superseding Indictment. *See* Dkt. 81 (the "First Motion"). In the First Motion, Defendant requested

the following:

(1) the description of the property allegedly taken;

(2) the person or persons the property was allegedly taken from;

(3) the precise location of the alleged robbery;

(4) the manner and means of the type of force used; and

(5) how interstate commerce was affected.

*See* Dkt. 81 at 1–2. Defendant argued that such information was "necessary in this case to enable

the defendant to prepare a defense adequately and to avoid surprise at trial . . . ." *Id.* at 2. The

Court denied the First Motion, finding the "Second Superseding Indictment is sufficiently

detailed" and "the requested information has been provided to Defendant in other satisfactory

forms . . . ." *See* Dkt. 93 at 4.

On September 7, 2022, Defendant was charged in a Third Superseding Indictment, which

included the following three additional charges: Count 18, Violation of 18 U.S.C. § 924(c)(1) and

(j)) (Carrying or Discharging a Firearm During a Crime of Violence or Possession of a Firearm in

Furtherance of a Crime of Violence causing Death/Murder by Robbery); Count 19, Violation of

18 U.S.C. § 2113(b) and (e) (Bank Theft); and Count 20, Violation of 18 U.S.C. § 1349 (Attempted

Wire Fraud). *See* Dkt. 116 at 20–22. On September 15, 2022, Defendant was charged in a Fourth

Superseding Indictment. *See* Dkt. 127. The Fourth Superseding Indictment did not charge

Defendant with any additional counts and amended the charges of Count 19 to include 18 U.S.C.

§ 2113(d) (Attempted Bank Theft) and Count 20 to include 18 U.S.C. § 1343 (Wire Fraud). *See*

*id.* at 20–21. Count 17 of the Fourth Superseding Indictment states as follows:

> On or about February 19, 2020, in the Eastern District of Texas and elsewhere, [Defendant] did knowingly and intentionally carry and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is a violation of 18 U.S.C. §§ 1951(a), Interference with Interstate Commerce by Robbery and he possessed the said firearm, that is a 9mm Stoeger Cougar 8000F, in furtherance of the said crime of violence. In violation of 18 U.S.C. § 924(c)(1).

*See id.* at 19.[1]

In the present Motion, Defendant again requests the Court grant him a bill of particulars

containing the following information:

(1) the description of the property allegedly taken;

(2) the person or persons the property was allegedly taken from;

(3) the precise location of the alleged robbery;

(4) the manner and means of the type of force used; and

(5) how interstate commerce was affected.

*See* Dkt. 105 at 1–2. Defendant argues such information is necessary "to prepare his defense

adequately and to avoid prejudicial surprise at trial . . . ." *Id.* at 1. Defendant argues that under

Supreme Court precedent, *United States v. Taylor*, 142 S. Ct. 2015, 2016 (2022) and *United States*

*v. Davis*, 139 S. Ct. 2319 (2019), "only an **actual** Hobbs Act Robbery can support the 924(c) count

being charged against this defendant." Dkt. 105 at 2–3. Accordingly, Defendant argues the

indictment as to Count 17 is not sufficient to prepare a defense for trial. *See id.* at 3.

---

[1] The language as to Count 17 of the Third Superseding Indictment is identical to that of the Fourth Superseding Indictment. *See* Dkt. 116 at 20.

The Government opposes the Motion, arguing the Government has provided Defendant with the above-enumerated information and the cited Supreme Court decisions do not alter the Court's previous conclusion. *See* Dkt. 113.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits a defendant to request a bill of particulars, which provides details of the charges brought against the defendant so the defendant may prepare his defense and avoid surprises at trial. *See* FED. R. CRIM. P. 7(f); *United States v. Churchill*, No. 4:20-cr-252, 2021 WL 862306, at *1 (E.D. Tex. Mar. 8, 2021). "A defendant possesses no right to a bill of particulars." *United States v. Rodriguez*, No. 4:18-cr-216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (quoting *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980)), *R. & R. adopted*, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020). The trial court has discretion to grant a bill of particulars. *Churchill*, 2021 WL 862306, at *1 (citing *Burgin*, 621 F.2d at 1358–59). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to the defendant's substantial rights. *Id.* (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)). A court should only grant a bill of particulars if the information is necessary for the defendant to prepare for trial. *Rodriguez*, 2020 WL 4689193, at *4 (quoting *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012)).

## III. ANALYSIS

The Court has previously found the Second Superseding Indictment (Dkt. 73) contains sufficient information to put Defendant on notice of the criminal charges against him—including Count 17 of the Second Superseding Indictment—and to avoid surprises at trial. *See* Dkt. 93; *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the

government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). The language of the Fourth Superseding Indictment and the Second Superseding Indictment is nearly identical as seen *supra*. *See* Dkt. 73 at 19; Dkt. 127 at 19. As to Defendant's notice of the charges against him, the Fourth Superseding indictment is sufficient, as it tracks the language set forth in the statute itself. *See United States v. Page*, No. 4:20-cr-296, 2022 WL 3567066, at *5 (E.D. Tex. Aug. 18, 2022) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)) ("[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself."); *see also United States v. Carillo-Morones*, 564 F. Supp. 2d 703, 706–07 (W.D. Tex. 2008). Therefore, a bill of particulars is not necessary in this case.

Additionally, a bill of particulars cannot be used in lieu of discovery or to obtain a detailed disclosure of the government's evidence prior to trial. *See United States v. Castro-Flores*, No. H-12-cr-614-4, 2013 WL 6858523, at *2 (S.D. Tex. Dec. 30, 2013) (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)). "[W]here the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary." *Id.*; *see also United States v. Crinel*, No. 15-61, 2016 WL 1059003, at *2–3 (E.D. La. Mar. 16, 2016) (collecting cases). The Government argues Defendant received all necessary information in other satisfactory forms. *See* Dkt. 113 at 4. The Government represents it provided Defendant with fulsome discovery "in an organized fashion and produced electronically permitting [Defendant] and his counsel to easily review the material." *Id.* Defendant's receipt of the necessary information in other satisfactory forms further establishes that a bill of particulars is not necessary for Defendant to prepare his defense and avoid surprises at trial.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion (Dkt. 105) is **DENIED.**

**So ORDERED and SIGNED this 21st day of September, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE