# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | Case No. 4:20-CR-318 |
| v. | § | Judge Mazzant |
| | § | |
| | § | |
| KEITH TODD ASHLEY | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Sever (Dkt. #106) and Defendant's First Amended Motion to Sever (Dkt. #135). Having considered the motions, the responses, and the relevant pleadings, the Court finds both motions should be **DENIED**.

### BACKGROUND

From 2013 to 2020, the Government alleges that Defendant Keith Todd Ashley ("Ashley") used his resources as a financial investor to run a Ponzi scheme (Dkt. #127). Ashley would earn the trust of certain clients and promise them he would invest their money with guaranteed returns of 3 to 9% per year (Dkt. #127 at p. 4). However, he would shift the money given to him throughout three bank accounts in his name, occasionally depositing portions of one client's money into another client's bank account. While some money was returned to the investors, Ashley kept approximately $1.3 million for personal use. The Government has charged Ashley for the above-mentioned actions with Wire Fraud and Attempted Wire Fraud under 18 U.S.C. §§ 1343, 1349 ("Counts 1–6") (Dkt. #127).

From 2016 to 2020, the Government alleges that one of Ashley's investors, J.S., entered into additional agreements with Ashley that involved Midland National and Texas Capital Bank, ultimately resulting in J.S.'s death at the hand of Ashley (Dkt. #127). Ashley sold J.S. two life

insurance policies. On April 8, 2019, J.S. made Ashley the executor of his will, and eight days later, Ashley was named the trustee of J.S.'s trust upon J.S.'s death. Ashley then communicated with Midland National to have the beneficiary of J.S.'s life insurance policies changed to J.S.'s trust. On February 19, 2020, J.S. died in his home with a firearm in his hand. It is the Government's position that Ashley murdered J.S. and staged it as a suicide (Dkt. #143). In the days following J.S.'s death, Ashley contacted J.S.'s bank to transfer J.S.'s money to Ashley's personal accounts. The Government has charged Ashley with the following based on the above-mentioned actions: Wire Fraud; Attempted Wire Fraud; Mail Fraud; Attempted Mail Fraud, Carrying or Discharging a Firearm During a Crime of Violence or Possession of a Firearm in Furtherance of a Crime of Violence; Carrying or Discharging a Firearm During a Crime of Violence or Possession of a Firearm in Furtherance of a Crime of Violence causing Death/Murder by Robbery; Bank Theft; and Attempted Bank Theft under 18 U.S.C. §§ 924, 1341, 1343, 1349, and 2113 ("Counts 9–20").

On August 8, 2022, Ashley filed a Motion to Sever (Dkt. #106). At the time the motion was filed, the Second Superseding Indictment was the most recent indictment and it only included Counts 1–6 and 7–17. On September 6, 2022, the Government filed its response, notifying the Court that it also intended to file a Third Superseding Indictment and that Ashley's counsel had been notified of the new charges "surrounding the murder of J.S." (Dkt. #111 at p. 2). On September 7, 2022, the Government filed a Third Superseding Indictment, which removed Counts 7 and 8, and added Counts 18, 19, and 20 (Dkt. #116). On September 15, 2022, the Government filed a Fourth Superseding Indictment (Dkt. #127).[1] On September 16, 2022, Ashley filed this

---

[1] Although a Fourth Indictment was filed, it does not change any of the arguments of the parties, as Counts 1–6 were not changed and no additional counts were added. The Fourth Superseding Indictment changed two things. First, for Count 19 it added "attempt" language and subsection (d) of 18 U.S.C. § 2113 for Bank Theft, when just subsections (b) and (e) were listed on the previous indictment. Second, the Government added 18 U.S.C. § 1343 Wire Fraud to

present First Amended Motion to Sever (Dkt. 135), which the Government responded to on September 19, 2022 (Dkt. #143).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) and Rule 14(a) both address joinder of offenses in an indictment. Rule 8(a) establishes that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). "Joinder of charges is the rule rather than the exception," and "Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Whether joinder is proper under Rule 8(a) is "determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citations omitted). Once the Court determines that joinder is proper under Rule 8, the Court must decide whether joinder causes sufficient prejudice to require severance under Rule 14(a). *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010).

Rule 14(a) may be used to provide relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). "Severance is required only in cases of compelling prejudice." *Rice*, 607 F.3d at 142 (citation and quotation omitted). Severance under Rule 14(a) is "drastic relief" that is

---

Count 20, when only 18 U.S.C. § 1349 Attempted Wire Fraud was included in the previous indictment (Dkt. #139 at pp. 2–3).

appropriate where the defendant convinces that Court that "without such drastic relief [he] will be unable to obtain a fair trial." *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973).

## ANALYSIS

Ashley asks this Court to sever Counts 1–6 from Counts 9–20 for two main reasons.[2] First, Ashley contests that Rule 8(a) is violated by consolidating Counts 1–6 and Counts 9–20. Second, Ashley argues that severance should be granted under Rule 14 because without it, Ashley will suffer "compelling prejudice" as to Counts 1–6 because a jury will not be able to objectively analyze the alleged Ponzi scheme if they hear facts surrounding J.S.'s alleged murder (Dkt. #135 at p. 2). The Court addresses each argument in turn.

Under Rule 8(a), two offenses may be consolidated that are "connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(A). In deciding whether offenses are part of a common scheme or plan, courts should analyze how the facts of each underlying offense are related. *See United States v. Osuagwu*, No. 3:16-CR-343, 2018 WL 1014176, at *2 (N.D. Tex. Feb. 22, 2018). Counts 1–6 and Counts 9–20 are a direct result of Ashley gaining the trust of individuals and convincing them that he should handle their money. J.S. was a victim twice, as he was one of the investors from Counts 1–6 and owned the life insurance policies that are at the center of Counts 9–20. Additionally, Ashley used bank accounts to complete his transfer of funds, which led to Ashley being charged with Wire Fraud and Attempted Wire Fraud on both sets of counts. In both schemes, Ashley allegedly used his own Branch Banking & Trust Company business account under the name KBKK, LLC (Dkt. #127 at pp. 3–4, 18). Recognizing that Rule

---

[2] The Court recognizes that Ashley also alleges that joinder in this case violates the Due Process Clause of the Fifth Amendment to the United States Constitution (Dkt. #106 at p. 2; Dkt. #135 at p. 2). However, Ashley's only basis for this violation is mentioned in conjunction with his severance argument stating that the "compelling prejudice will deny the Defendant his right to a fair trial" (Dkt. #135 at p. 3). Under that argument, if there is no compelling prejudice, there is no denial of a right to a fair trial. Therefore, the Court consolidates this Due Process argument together with the severance argument and will handle them together under a Rule 14 analysis.

8(a) is "construed liberally," this Court finds that these factual similarities are sufficiently related to find the consolidation of Counts 1–6 and Counts 9–20 proper in this case. *Bullock*, 71 F.3d 171 at 174.

Although joinder is proper, this Court now looks to whether inclusion of Counts 9–20 brings "compelling prejudice" against Ashley and warrants severance under Rule 14(a). *Rice*, 607 F.3d at 142. The Fifth Circuit provided the applicable test for severance, asking "can the jury keep separate the evidence that is relevant . . . and render a fair and impartial verdict to him. If so, though the task be difficult, severance should not be granted." *United States v. Welch*, 656 F.2d 1039, 1054 (5th Cir. 1981) (citing *Peterson v. United States*, 344 F.2d 419, 422 (5th Cir. 1965)). An analysis into the possible prejudice requires a "balance in economy of judicial administration with the possible prejudice to the defendant. *Harrelson*, 754 F.2d at 1176. Ashley argues that a jury will not be able to be fair and impartial as to Counts 1–6 given the facts surrounding J.S.'s alleged murder by Ashley in Counts 9–20 (Dkt. #127).

In *United States v. Smith*, the defendant argued that evidence of his drug charges was prejudiced by having a murder-for-hire charge tried at the same time. 281 F. App'x 303, 304 (5th Cir. 2008) (unpublished). The Fifth Circuit rejected this argument, noting that although it is true that evidence of continuous drug dealing would have likely been inadmissible in a trial that dealt with only his drug charges, it did not meet the threshold of showing he was denied a fair trial. *Id.* at 305. The Fifth Circuit focused on the fact that the evidence at trial was sufficient to prove guilt on the drug charges and that a jury instruction was given that limited the relevance of the testimony. *Id.* Similarly, in *United States v. Erwin*, the defendants argued that severance was warranted when the majority of trial consisted of "evidence of the two kidnappings, two beatings, and one killing," when the relevant charges were drug related and crimes of dishonesty. 793 F.2d 656, 666 (5th Cir.

1986). The Fifth Circuit found that all but one of the appellants "failed to demonstrate the compelling prejudice" required because again, the evidence was sufficient to prove the actual charges at issue and that the court cautioned the jury about the proper use of the evidence. *Id.*

Here, the Court recognizes that Ashley will suffer some prejudice because of Counts 1–6 and Counts 9–20 being tried together. The jury will hear facts of an alleged murder staged as a suicide when Counts 1–6 merely deal with the transferring of funds to Ashley's personal bank accounts. However, this does not mean Ashley will suffer compelling prejudice. Granting a severance requires this Court to order two trials against Ashley. When weighing the factor of judicial economy against the potential prejudice that can be remedied with certain instructions to the jury, this Court finds that the high standard for severance is not satisfied.

Ashley makes an argument that he will suffer harm if this Court grants a Rule 29 motion at trial for the counts related to J.S.'s alleged murder (Dkt. #135 at p. 2). This argument is a non-starter, as it relies on multiple counts being dismissed on legal insufficiency grounds after the evidence has been elicited but before the jury is asked to make a determination of guilt. The Court declines to hold that the high threshold for severance is met based on the possibility that future motions will be granted in Ashley's favor.

In sum, although the facts surrounding J.S.'s murder would likely be inadmissible in a trial for Counts 1–6 alone, evidence of J.S.'s murder does not satisfy the standard of "compelling prejudice" required for severance. A jury instruction limiting the relevance of evidence related to J.S.'s death should be enough to counteract any prejudice against Ashley as to the jury making a fair and impartial decision for Counts 1–6.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Sever (Dkt. #106) and Defendant's First Amended Motion to Sever (Dkt. #135) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of September, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE